STATE OF INDIANA *v.* NORMAN ANDERSON AND SHIRLEY ANDERSON; WORKINGMEN'S FEDERAL SAVING & LOAN ASSOCIATION; AUDITOR & TREASURER OF MONROE COUNTY, OTIS W. SAMPLE AND ANNABELLE SAMPLE ET AL.

[No. 1-476A61. Filed August 26, 1976.]

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellant.

*James R. Cotner, Cotner, Mann & Chapman,* of Bloomington, for appellees.

ROBERTSON, C.J.—The State of Indiana, plaintiff below, brings this appeal from a judgment entered pursuant to a jury verdict in favor of defendants-appellees, Norman Anderson and Shirley Anderson et al. (Andersons). The action was on the State's exceptions to a report of appraisers regarding damages to Andersons' real estate by reason of the State's appropriation of land for the improvement of Indiana Highway 37.

In that State of Indiana v. Otis W. Sample and Annabelle Sample et al., also pending before this Court, involves an identical question on appeal, both causes are herewith consolidated for purposes of appeal as provided by Indiana Rules of Procedure, Appellate Rule 5(B).

We affirm.

Both the Andersons and Samples had portions of their real estate appropriated for the improvement in Indiana Highway 37. Appraisers filed reports assessing damages to each of the properties with the State filing its exceptions to appraisers' report and demand for jury trial in each instance. Though the nature of the damages suffered by the Andersons and the Samples were not identical, suffice it to say that they were similar and did not lend themselves to proof of precise value.

The State, in its appeals from jury verdicts in favor of the Andersons and the Samples, alleges a sole assignment of error common to both trials. That is, the trial court erred in giving Defendant's Instruction No. 2 over State's objection because such instruction wrongly places the burden of proof of damages upon the State. Defendant's Instruction No. 2 in both instances was as follows:

"Damages which are uncertain or based upon speculation cannot be recovered. However, the fact that the amount of

damages are not subject to exact measure does not prevent consideration. Any doubt and uncertainties of proof of exact damages must be resolved against the entity which has created the problem by his or her acts."

The State correctly argues that in an eminent domain proceeding the burden of proof as to the amount of damages from the appropriation of real estate is upon the landowner suffering the appropriation. *Gradison* v. *State* (1973), 260 Ind. 688, 300 N.E.2d 67. We are not convinced, though, of the correctness of the State's assertion that the last sentence in the above instruction placed the burden of proof of damages upon the State. Admittedly, such an inference is possible, but when this instruction is considered in totality with the other instructions given, as it must be, *Dudley Sports Co.* v. *Schmitt* (1972), 151 Ind. App. 217, 279 N.E.2d 266, it appears that the jury was fairly and properly instructed that the Andersons and Samples, respectively, had the burden of proof as to damages.

Thus, while this Court agrees that Defendant's Instruction No. 2 was poorly drafted and we do not countenance the use of such an instruction in the future, it is our view that the giving of the instruction, when considered with other instructions given, does not constitute reversible error.

Accordingly, we affirm the judgment below.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 352 N.E.2d 805.